WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alejandro Morales,<br><br>          Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>          Defendant. | No. CV-22-00072-TUC-LCK<br><br>**ORDER** |

Plaintiff Alejandro Morales filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of Social Security (Commissioner). (Doc. 1.) Before the Court are Morales's Opening Brief, Defendant's Responsive Brief, and a Reply. (Docs. 18, 23, 26.) The parties have consented to Magistrate Judge jurisdiction. (Doc. 13.) Based on the pleadings and the Administrative Record, the Court remands this matter for further proceedings.

**FACTUAL AND PROCEDURAL HISTORY**

In 2012, Morales filed an application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). (AR 112.) The ALJ found that Morales had the severe impairment of cervical and lumbar osteoarthritis. (AR 115.) The ALJ determined he could do the full range of light work, which included his past relevant work. (AR 115, 119.) Therefore, in November 2014, the ALJ found he was not disabled. (AR 119.)

Morales filed a second application for SSI in November 2018 alleging disability from April 28, 2011. (Administrative Record (AR) 305.) The ALJ subsequently noted the

onset date had been amended to March 31, 2016. (AR 44.) SSI is not payable until the month after that in which the application was filed; therefore, the ALJ focused on November 2018 as the critical month for onset.

Morales was born in March 1968, making him 50 years of age at the filing date of his application. (AR 305.) He had past relevant work as a truck driver for a trash company. (AR 334.) He stopped working in April 2011, after he was in an accident in his work vehicle. (AR 67-68.) He worked again for some period ending in March 2016. (AR 46-47.) Morales's application was denied upon initial review (AR 166-82) and on reconsideration (AR 183-97). A hearing was held on November 19, 2020 (AR 40-61), after which the ALJ found that Morales was not disabled (AR 13-22). The ALJ determined Morales had severe impairments of degenerative disc disease and arthritis. (AR 15.) The ALJ found Morales had the Residual Functional Capacity (RFC) to perform light work except he could only occasionally balance, stoop, kneel, crouch, and crawl. (AR 17.) At Step Five, the ALJ relied upon the testimony of a vocational expert (VE) to conclude that Morales could perform work that exists in significant numbers in the national economy, such as shipping and receiving weigher, garment sorter, and assembler small products. (AR 21-22.) The Appeals Council denied review of the ALJ's decision. (AR 1.)

## STANDARD OF REVIEW

The Commissioner employs a five-step sequential process to evaluate SSI claims. 20 C.F.R. § 416.920; *see also Heckler v. Campbell*, 461 U.S. 458, 460-462 (1983). To establish disability the claimant bears the burden of showing he (1) is not working; and (2) has a severe physical or mental impairment; and (3) the impairment meets or equals the requirements of a listed impairment; or (4) claimant's RFC precludes him from performing his past work. 20 C.F.R. § 416.920(a)(4). At Step Five, the burden shifts to the Commissioner to show that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). If the Commissioner conclusively finds the claimant "disabled" or "not

disabled" at any point in the five-step process, she does not proceed to the next step. 20 C.F.R. § 416.920(a)(4).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). The findings of the Commissioner are meant to be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)). The court may overturn the decision to deny benefits only "when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). This is so because the ALJ "and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019 (quoting *Richardson v. Perales*, 402 U.S. 389, 400 (1971)); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). The Commissioner's decision, however, "cannot be affirmed simply by isolating a specific quantum of supporting evidence." *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998) (citing *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)). Reviewing courts must consider the evidence that supports as well as detracts from the Commissioner's conclusion. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).

## DISCUSSION

Morales alleges the ALJ committed two errors: (1) the ALJ failed to conduct an appropriate analysis pursuant to the *Chavez* Acquiescence Ruling; and (2) the ALJ failed to provide clear and convincing reasons for rejecting his symptom testimony.

***Chavez***

Morales argues that the ALJ did not properly apply *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988). Social Security Acquiescence Ruling (AR) 97-4(9), which implemented *Chavez* applies to "cases involving a subsequent disability claim with an unadjudicated

period arising under the same title of the Act as a prior claim on which there has been a final decision by an ALJ or the Appeals Council that the claimant is not disabled." Defendant does not dispute that Morales's current disability claim is subject to *Chavez* and AR 97-4(9). Pursuant to those decisions, when an ALJ is evaluating a subsequent disability application, she must apply a presumption that the claimant is not disabled unless the claimant rebuts the presumption with changed circumstances. AR 97-4(9). One example of a changed circumstance is a change in the claimant's age category under 20 C.F.R. § 416.963. (*Id.*) If the presumption is rebutted, the ALJ still must give effect to certain of the ALJ's findings on the prior claim, including a determination of the claimant's RFC, education, or work experience, unless there is new and material evidence related to the finding. (*Id.*)

Although the ALJ referred to the prior ALJ's ruling, she did not acknowledge *Chavez* or AR 97-4(9). The parties agree that Morales rebutted the presumption of non-disability by showing changed circumstances, his shift into an older age bracket and an increase in the severity of his impairments. Then, if there was not new and material evidence related to that finding, the ALJ should have deferred to the prior ALJ's RFC finding. Most of the medical evidence in the record is dated after the prior ALJ's November 2014 decision. And all of the medical evidence cited by the ALJ in her decision relates to the time period after the prior ALJ decision. She also relied upon four prior administrative medical findings from 2016, 2017, and 2019. The post-November 2014 medical evidence and prior administrative medical findings "necessarily presented new and material information not presented to the first ALJ." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008). For that reason, the ALJ adjudicating Morales's current claim did not owe deference to the prior ALJ's RFC finding. *See Reed v. Saul*, 834 F. App'x 326, 328 (9th Cir. 2020) ("Evidence is material if 'the evidence warrants a [RFC finding] . . . different than that made in the decision on the prior claim.'") (citing HALLEX 1-5-4-60, 1998 WL 34083439, at *4 (Dec. 28, 1998)).

The ALJ did not adopt in full the prior ALJ's finding as to Morales's RFC. However, she treated the prior ALJ's decision as a medical opinion or prior administrative medical finding and found it persuasive when determining Morales's RFC. After finding it to be persuasive, she stated: "[t]hat decision limits the claimant to a full range of light work, but the undersigned has included further limitations to occasional postural activities as that is reasonable with the claimant's degenerative disc disease and arthritis." (AR 20.) Because that prior RFC was not owed deference, the ALJ erred in giving it persuasive weight.

Defendant argues any error was harmless because the ALJ did not wholesale adopt the prior ALJ's RFC finding, and the ALJ determined Morales had a more restrictive RFC than that found in 2014. This Court may find an error harmless only if it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006); *see also Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (the Court may only find an error harmless if it is "clear and not a borderline question") (quoting *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011)). The ALJ offered no rationale as to why she found the prior ALJ's RFC persuasive. And the Court has no way of knowing how heavily the ALJ weighed the prior RFC in her decision.

In evaluating harmlessness, the Court reviewed the four prior administrative medical findings that the ALJ also deemed persuasive. (AR 20.) All four of those doctors found no changed circumstances under a *Chavez* analysis. (AR 139-40, 154-56, 179-80, 194-95.) Drs. Combs and Wright, in 2016 and 2017 respectively, included some postural limitations on light work, which the ALJ ultimately included in the RFC. However, those doctors also stated that their RFC findings were commensurate with the 2014 RFC. (AR 140, 156.) And, in 2019, Drs. Swena and Brodsky adopted wholesale the prior ALJ's 2014 RFC for a full range of light. (AR 179, 194.)[1]

---

[1] The ALJ inaccurately summarized Drs. Swena and Brodsky as including postural limitations in the RFC. (AR 20.)

In sum, the only "opinion" evidence that the ALJ found wholly persuasive regarding Morales's physical limitations was the prior ALJ's RFC and the prior administrative medical findings. The prior administrative medical findings all determined there had been no changed circumstances since 2014; therefore, they gave deference to the prior ALJ's RFC under *Chavez*. This means the ALJ gave weight to not only the prior ALJ's 2014 RFC but also to four doctor's opinions that deferred to the prior ALJ's RFC. If the ALJ had correctly determined that the prior ALJ's RFC was not entitled to any deference, she may not have given the same weight to the prior administrative medical findings that were dependent upon that same prior RFC. At a minimum, this Court cannot conclude that the ALJ's error in giving weight to the prior ALJ's RFC was irrelevant to her finding that Morales was not disabled. If the ALJ had begun her analysis with a clean slate rather than from a baseline that Morales could perform light work, she may have found more substantial limitations. For that reason, the Court does not find the error harmless.

## CONCLUSION

A federal court may affirm, modify, reverse, or remand a social security case. 42 U.S.C. § 405(g). When a court finds that an administrative decision is flawed, the remedy should generally be remand for "additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16 (2006) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)); *see also Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004).

Morales seeks solely a remand for further consideration. The Court finds that is the proper remedy. Remand for an award of benefits is not warranted because it is not evident on the record currently before the Court that Morales is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (requiring that it be "clear from the record that the ALJ would be required to find the claimant disabled" before applying the credit as true rule and awarding benefits).

The only opinion evidence in the record by a medical professional that has examined Morales are the 2012 reports by Drs. Jerome Rothbaum and Noelle Rohen. Upon remand, the ALJ shall consider the entirety of Morales's symptom testimony and shall reconsider

the RFC. Further, the ALJ should consider obtaining new consultative exams and/or opinions from treating medical professionals that are more current. Because the Court finds a remand appropriate on Claim 1, and the ALJ will necessarily re-evaluate Morales's symptom testimony, the Court did not reach Claim 2.

Accordingly,

**IT IS ORDERED** that this case is remanded to the ALJ for a new hearing and further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court should enter judgment and close this case.

Dated this 12th day of June, 2023.

_____
Honorable Lynnette C. Kimmins
United States Magistrate Judge